**FILED**

**NOT FOR PUBLICATION**

APR 21 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-10643 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00514-DAE |
| v. | |
| EDWARD RAMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted April 17, 2008[**]
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

Edward Ramos appeals his sentence imposed for his guilty plea convictions for possession with intent to distribute and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846. We have jurisdiction

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir. 2006) (as amended). We vacate the sentence imposed and remand to the district court for resentencing, and reject Ramos's remaining challenges.

The district judge acknowledged that the Guidelines are advisory, but then refused to exercise his discretion because he believed the Guidelines to be presumptively reasonable. We have recently held that a district court may not presume the Guidelines sentencing range is reasonable. *See United States v. Carty*, Nos. 05-10200, 05-30120, 2008 WL 763770, at *4 (9th Cir. Mar. 24, 2008) (en banc)[1] ("The district court may not presume that the Guidelines range is reasonable. Nor should the Guidelines factor be given more or less weight than any other. While the Guidelines are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." (citations omitted)).

We reject Ramos's argument that the district court clearly erred in finding that he failed to meet his burden to qualify for the safety valve provision under 18

---

[1] We note that the district court judge did not have the benefit of our decision in the cases of *United States v. Carty* (No. 05-10200) and *United States v. Zavala* (No. 05-30120), which we reheard en banc to decide, *inter alia*, this very issue.

2

U.S.C. § 3553(f). Ramos was required to prove that he provided "all that he knows about [the] offense[] . . . in order to qualify for the 'safety valve'" provision. *See United States v. Miller*, 151 F.3d 957, 961 (9th Cir. 1998), *cert. denied*, 525 U.S. 1127 (1999). The district court correctly found that Ramos failed to demonstrate that he was completely truthful about his wife's involvement in the conspiracy.

Ramos asserts for the first time on appeal that his constitutional rights were violated because he was penalized for exercising the spousal testimonial privilege. Because the district court did not penalize Ramos for refusing to testify against his wife and instead merely denied him the benefit of reduction in sentence for complete truthfulness, the district court did not plainly err. *See United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir. 1997).

Ramos also argues that the district court improperly revoked his bail. This claim is unreviewable because it became moot after the court accepted his guilty plea. *See Murphy v. Hunt*, 455 U.S. 478, 481–84 (1982).

Ramos also asks us to review the district court's denial of his suppression motion, despite his unconditional guilty plea. This argument is foreclosed by *United States v. Lopez-Armenta*, 400 F.3d 1173 (9th Cir.), *cert. denied*, 546 U.S. 891 (2005), in which we held under similar facts that the defendant "waived his

right to appeal pretrial constitutional defects when he entered an unconditional guilty plea." *Id.* at 1174.

Ramos further claims that he had ineffective assistance of counsel on his suppression motion. Ramos waived this claim by entering an unconditional guilty plea. An unconditional guilty plea waives all prewaiver constitutional defects except a defendant's "'attack [on] the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective].'" *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985) and *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Ramos did not assert that his guilty plea was involuntary or unintelligent, and the entry of his guilty plea waived all other preplea ineffective assistance claims.

**REVERSED and REMANDED.**